CHAPMAN INVESTMENT
ASSOCIATES, Appellant,

v.

AMERICAN HEALTHCARE
MANAGEMENT, INC.,
Appellee.

No. CA–3–88–2682–T.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 5, 1989.

Frank S. Williams, Austin, Tex., for appellant.

Robert D. Albergotti, Steven Smith, Haynes & Boone, Dallas, Tex., for appellee.

## MEMORANDUM OPINION AND ORDER

MALONEY, District Judge.

On November 16, 1988, Appellant filed its opening brief. Appellees filed their response brief on November 29, 1988.

On September 6, 1988, the Bankruptcy Court, Judge Robert C. McGuire presiding, issued its findings of fact and conclusions of law granting Appellee's motion to assume lease of non-residential real property. Pursuant to 28 U.S.C. § 158(a), Appellant appeals the Bankruptcy Court's decision. Pursuant to Bankruptcy Rule 8013, the findings of fact of the Bankruptcy Court are reviewed under a clearly erroneous standard. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir. 1986); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1308 (5th Cir. 1985). However, the Bankruptcy Court's conclusions of law are subject to *de novo* review. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d at 1252.

On January 1, 1984 Appellant and Greatwest Medical Managements, Inc., executed a lease agreement (Lease) for certain non-residential real property located in Orange County, California. Appellee is the successor-in-interest to Greatwest Medical. On August 7, 1987, Appellee filed for bankruptcy under Chapter 11. Pursuant to 11 U.S.C. § 365(d)(4), Appellee had sixty days in which to either assume or reject the Lease. On September 9, 1987, prior to the expiration of the sixty days, Appellee filed a motion for extension of time. This motion was granted by the Bankruptcy Court on October 15, 1987, giving Appellee until December 7, 1987 to assume or reject the Lease. On November 24, 1987, Appellee

sought another extension from the Bankruptcy Court. On December 2, 1987, the Bankruptcy Court granted this extension allowing Appellee until February 15, 1988 to make its decision about the Lease.

On February 16, 1988, Appellee moved for a third extension. The Bankruptcy Court granted this extension in part but ordered that Appellee file its motion to assume or reject leases of non-residential real property. In compliance with the Bankruptcy Court's order Appellee filed its motion to assume leases of non-residential real property on February 16, 1988. The Bankruptcy Court granted Appellee's extension of time up until the date of the hearing on the motion to assume leases. On April 7, 1988, Appellee filed its supplemental motion to assume unexpired leases of non-residential real property. This motion was set for hearing on April 26, 1988.

On April 26, 1988, the Bankruptcy Court held the hearing on all the leases sought to be assumed by Appellee except for this Lease, the hearing on which was continued until June 17, 1988. At that time Appellant argued that the Lease had been automatically rejected on December 7, 1987, pursuant to 11 U.S.C. § 365(d)(4) or alternatively that it was automatically rejected on February 15, 1988, because Appellee did not file another extension of time until February 16, 1988.

On July 8, 1988, the Bankruptcy Court issued its memorandum opinion holding that the Lease was rejected by operation of law on the Monday, February 15, 1988, due to Appellee's failure to assume the Lease by such date pursuant to the Bankruptcy Court's second extension of time. On July 18, 1988, Appellee filed its motion to reconsider. The Bankruptcy Court held a hearing on the motion to reconsider on August 9, 1988. On August 31, 1988, the Bankruptcy Court issued an order amending its memorandum opinion and granting Appellee's supplemental motion to assume the Lease. This order was entered on September 6, 1988.

## ISSUES

Appellant has raised five issues that collectively assert that Judge McGuire, in affirming Appellee's decision to assume the lease, fell into an error of law, subject to *de novo* review by this Court. Appellant argues first that the Bankruptcy Court misapplied 11 U.S.C. § 365(d)(4) by granting extensions of time more than sixty days after the order of relief; second, that the Bankruptcy Court was incorrect in holding that 11 U.S.C. § 105(a) confers authority to grant extensions of time more than sixty days from the order of relief; third, that the Bankruptcy Court erred in holding that Rule 9006(b)(1) confers authority to extend the time prescribed by 11 U.S.C. § 365(d)(4); fourth, that the Bankruptcy Court erred in holding that notice of the motions to extend time was not required to be given to Appellant under Rule 9006(b)(1); and finally, that the Bankruptcy Court erred in holding that Rule 9006(a) operated to extend Appellee's time to respond from February 15, 1988, to February 16, 1988.

### I. 11 U.S.C. § 365(d)(4)

■ Appellant contends that the Bankruptcy Court erred in its interpretation of 11 U.S.C. § 365(d)(4). This section provides:

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order of relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

Appellant contends that by the plain language of the statute the Bankruptcy Court can only grant extensions of time within sixty days and that any subsequent extension of time is without effect. Therefore, Appellant argues that Appellee's time to assume or reject the Lease expired on December 7, 1987 and that the Bankruptcy Court did not have the authority to grant the second or even the third extension of

time. In support of this position Appellant cites *In the Matter of Coastal Industries*, 58 B.R. 48 (Bankr.D.N.J.1986), which held that § 365(d)(4) was unambiguous and that it must be interpreted literally despite any harsh result.[1]

This Court does not agree with Appellant's position. While statutory interpretation ordinarily begins with an examination of the words of a statute, the Court agrees with the Ninth Circuit that the meaning of the words of section 365(d)(4) are not entirely clear. *See In re Victoria Station, Inc.*, 88 B.R. 231 (Bankr. 9th Cir.1988); *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). The Court holds that a more liberal interpretation of the statute is necessary to effectuate the intent of Congress.

Section 365(d)(4) was enacted in 1984 to reallocate the burden of fixing a reasonable time in which to assume or reject unexpired leases. The legislative history indicates that the section was created primarily in response to problems experienced by shopping center lessors and their insolvent tenants. Mall operators were concerned about facing periods of extended vacancies that would last until the bankruptcy courts would force the debtors to make a decision. *See* 130 Cong.Rec. S8894–95 (daily ed. June 29, 1984); reprinted in 1984 U.S.Code Cong. & Admin.News 576.

However, Congress noted that there may be circumstances in which a debtor may need more than sixty days in which to assume or reject its unexpired leases and, therefore, gave the Bankruptcy Court the ability to extend the time for debtors to make their decisions. However, the Bankruptcy Court can only grant such extension for cause. In the instant case, Appellee had numerous leases around the country that it had to examine prior to its decision and the Bankruptcy Court believed that the extensions were justified. The Court broadly interprets § 365(d)(4) to allow the Bankruptcy Court to continue to grant extensions to a debtor if the first extension was requested within the first sixty days and all subsequent extensions are sought prior to the expiration of a current extension, and if cause exists for each extension.[2] *See, Tigr Restaurant v. Rouse S.I. Shopping Center, Inc.*, 79 B.R. 954 (E.D.N.Y.1987).

This interpretation of the statute inures to the benefit of lessors as well. By allowing the Bankruptcy Court to continually set discrete time frames within which a debtor must make a decision, the Bankruptcy Court can better control the conduct of the debtor and be in a better position to evaluate cause for any further extensions that are sought. Under Appellant's reading of the statute, that all extensions must be made within the sixty day period, all debtors would seek an extension that lasted until either the end of the lease of until the filing of the confirmation plan. This is both unrealistic and impractical.

The Court finds further proof of Congressional intent to allow an expansive reading of the statute in section (d)(3). This section provides that the debtor may have a sixty day grace period for paying the rental obligations but that after the sixty day period expires the debtor must pay the monthly rent. This section, taken in connection with (d)(4), assures lessors that regardless of how long the debtor takes to assume or reject the lease, rent payments will be made on the lease. *See In re Galvan*, 57 B.R. 732 (Bankr.S.D.Cal. 1986).

Because of the Court's interpretation of section 365(d)(4), the Court does not reach the second and third issues raised by Appellant.

## II. BANKRUPTCY RULE 9006(b)(1)

Appellants fourth point of error is that the Bankruptcy Court erred in holding that Appellant was not entitled to notice of the extension filed by Appellee. Appellant con-

---

1. The Court in *Coastal Industries* placed heavy reliance on *In re Southwest Aircraft Services, Inc.*, 53 B.R. 805 (Bankr.C.D.Cal.1985), which was reversed at 831 F.2d 848 (9th Cir.1987).

2. Appellant does not assert that Appellee did not have cause to seek the extensions or that the Court granted them without a sufficient showing of cause.

tends that under Bankruptcy Rules 6006 and 9014, a motion to assume or reject a lease is a contested matter and, therefore, Appellant was entitled to notice. The Bankruptcy Court found that no notice was required for the extensions of time that Appellee filed. The Bankruptcy Court concluded that it has the discretion under Rule 9006(b)(1) to extend time periods without notice to other parties.

█ The Court agrees with Appellant that a motion to assume or reject a lease is a contested matter entitling Appellant to notice but Appellant has misapplied the Rules in the instant case. Appellants were given proper notice of the motion to assume leases of nonresidential real property filed by Appellee on February 16, 1988, and of the supplemental motion filed on April 7, 1988. However, no notice was required to be given prior to the granting of the motions for extensions of time. *See In re Victoria Station, Inc.*, 88 B.R. 231, 237 (Bankr. 9th Cir.1988).

### III. BANKRUPTCY RULE 9006(a)

█ Appellants argue that the Lease should have expired automatically on February 15, 1988, the expiration date of the Appellee's second extension, because Appellee did not file a third motion for extension of time or a motion to assume the leases until February 16, 1988. However, February 15, 1988, was a federal holiday, Washington's Birthday, and the Bankruptcy Court, pursuant to Bankruptcy Rule 9006(a), concluded that Appellee had until February 16, 1988, in which to file its extension of time or its motion to assume leases.

Appellant argues that Rule 9006 does not apply because it refers to computing periods of time, and in this case the Bankruptcy Court specifically set February 15, 1988, as the date of performance. It is apparent that when the Bankruptcy Court set February 15, 1988, as the specific date of performance, it was unaware that February 15, 1988, was a federal holiday. Courts frequently set the expiration of time periods by either setting a specific date or a fixed number of days after which the ac-

tion will be untimely. However, in either case, a party is excused from filing on a Saturday, Sunday or holiday. *In re Victoria Station, Inc.*, 840 F.2d 682 (9th Cir. 1988). A party will not be made to suffer because a Court set a return date on a holiday.

Therefore, the Bankruptcy Court's opinion affirming Appellee's assumption of the lease with Appellant is affirmed.