In the Matter of AMERICAN HEALTH-
CARE MANAGEMENT, INC., A
Delaware Corporation, Debtor.

CHAPMAN INVESTMENT
ASSOCIATES, Appellant,

v.

AMERICAN HEALTHCARE
MANAGEMENT, Appellee.

No. 89–1125.

United States Court of Appeals,
Fifth Circuit.

May 11, 1990.

---

Richard E. Kammerman, Adrian M. Overstreet, Stephen W. Sather, and D. Gregory Barbutti, Kammerman & Overstreet, Austin, Tex., for appellant.

Steven R. Smith and Robert D. Albergotti, Haynes & Boone, Dallas, Tex., for appellee.

Before BROWN, REAVLEY and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

This case requires us to interpret section 365(d)(4) of the Bankruptcy Code, which provides:

> [I]n a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4). The bankruptcy court held that this section authorized it to grant a lessee, which within the initial sixty-day period had received an extension of time to assume or reject leases, additional extensions of time following the expiration of the sixty-day period but before the expiration of the time to assume or reject as extended. The court also held that, prior to granting motions for extensions of time in which to assume or reject leases, it was not required to give lessors notice of and an opportunity to challenge such motions. Chapman Investment Associates ("Chapman") appealed these rulings to the district court, which affirmed the bankruptcy court's holdings. Chapman now appeals to this court, and we affirm.

I.

On August 7, 1987, American Healthcare Management, Inc. ("American") filed for relief under Chapter 11 of the Bankruptcy Code. At the time of its filing, American was the lessee of a number of parcels of nonresidential real property, including

property in Orange County, California owned by Chapman. On September 9, 1987, thirty-three days after it filed for relief,[1] American filed a motion to extend the time during which it could assume or reject its leases. The bankruptcy court granted the motion on October 5, 1987, fifty-nine days after American filed for relief, and extended the time during which American could assume or reject to December 7, 1987.

On November 24, 1987, American filed a second motion to extend the time during which it could assume or reject its leases. The bankruptcy court granted the motion on December 2, 1987, extending the time to assume or reject to February 15, 1988.

American took no further action with regard to its leases prior to February 15, which happened to be a federal holiday— Washington's Birthday. On February 16, American, in open court, filed a third motion to extend the time during which it could assume or reject its leases. The bankruptcy court directed American to immediately file a motion to assume or reject its leases of nonresidential real property. American filed a motion to assume a number of leases, including the lease with Chapman. The bankruptcy court then entered an order extending the time during which American could assume or reject to the date of the hearing on American's motion to assume. All of this was done on February 16.

On June 17, 1988, the bankruptcy court held a hearing on American's motion to assume the lease with Chapman. At that hearing Chapman presented several theories in support of its contention that the lease with American had been rejected by operation of law. The court eventually held that American's motion to assume was timely and should be granted. The district court affirmed the bankruptcy court's decision in all respects. *See Chapman Inv. Assocs. v. American Healthcare Management, Inc.,* 94 B.R. 420 (N.D.Tex.1989).

## II.

### A.

Chapman contends that section 365(d)(4) authorizes a bankruptcy court to grant an extension of time to assume or reject leases only within the sixty-day period following a filing for relief. The argument is based on the language requiring a lessee to assume or reject its leases "within 60 days after the date of the order for relief, or within such additional time as the court, for cause, *within such 60–day period,* fixes." 11 U.S.C. § 365(d)(4) (emphasis added). Chapman suggests that this language unambiguously prohibited the bankruptcy court from entertaining American's second motion for extension, which was filed approximately seven weeks after the expiration of the sixty-day period. If Chapman is correct, the bankruptcy court was without authority to grant the second motion for extension, American was required to assume or reject its leases by December 7, 1987, and American's failure to assume its leases by that date resulted in the lease from Chapman being deemed rejected.

The district court held that the meaning of section 365(d)(4) is not "entirely clear" and that a "liberal interpretation of the statute is necessary to effectuate the intent of Congress." *Chapman Inv. Assocs.,* 94 B.R. at 422. Several other courts have reached the same conclusion. The Ninth Circuit recently held that, although section 365(d)(4) requires the lessee to assume or reject leases or file a motion to extend the time to assume or reject within the initial sixty-day period, the provision "simply does not speak to the ability of a debtor to move for a second extension of time subsequent to the first 60–day period but within the extended period of time provided for assumption or rejection." *In re Victoria Station Inc.,* 875 F.2d 1380, 1385 (9th Cir. 1989). The court apparently determined that a flexible interpretation of the statute would further congressional goals, and it thus held that "section 365(d)(4) permits the court to grant further extensions if cause justifies delay." *Id.* A federal dis-

---

1. The filing of a voluntary bankruptcy proceeding constitutes an order for relief, 11 U.S.C. § 301, and thus triggers the running of the sixty-day period of section 365(d)(4).

**830**

trict court reached the same conclusion, holding that

> as long as a lease under § 365(d)(4) has not been deemed rejected by the lapse of sixty days or a period extended by the Court, the Bankruptcy Court may grant the debtor additional time to decide to assume or reject a lease if the Bankruptcy Court finds cause to do so.

*Tigr Restaurant, Inc. v. Rouse S.I. Shopping Center, Inc.,* 79 B.R. 954, 959 (E.D.N.Y.1987); *see also In re Telemark Management Co.,* 51 B.R. 623, 626 (Bankr.W.D. Wis.1984) (holding that in enacting 11 U.S.C. section 365(d)(1), which contains language identical to section 365(d)(4), Congress did not "mean to preclude a Bankruptcy Court from granting, after 60 days after the order for relief, an extension of the time for the trustee to assume or reject executory contracts"). *But see In re Coastal Indus., Inc.,* 58 B.R. 48, 51 (Bankr. D.N.J.1986) (holding that "[s]ection 365[d][4] demands that this Court hear, decide and grant any extension within the *original* sixty days following the entry of the order for relief").

It is now well-established that the primary purpose of section 365(d)(4) is "to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." *Sea Harvest Corp. v. Riviera Land Co.,* 868 F.2d 1077, 1079 (9th Cir.1989); *see In re Moreggia & Sons, Inc.,* 852 F.2d 1179, 1185 (9th Cir. 1988); *Tigr Restaurant,* 79 B.R. at 956; *In re Unit Portions, Inc.,* 53 B.R. 83, 85 (Bankr.E.D.N.Y.1985). Section 365(d)(4) accomplishes this goal by requiring the vast majority of bankrupt lessees to assume or reject their leases within sixty days of filing for relief. Congress also recognized, however, that in some cases sixty days will not be enough time for bankrupt lessees to decide whether to assume or reject leases.

In those circumstances, upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject.

Congress did not limit the permissible length of an extension. A bankruptcy court could grant an extension of sixty or one hundred and twenty days, or it might grant an indefinite extension, such as until the court rules on a motion to assume or until a reorganization plan is approved. The granting of open-ended extensions is likely to result in the type of delay and uncertainty Congress sought to eliminate in enacting section 365(d)(4). Yet, this would almost certainly be the result of a holding that the provision authorized only one extension. In contrast, if bankruptcy courts may grant multiple extensions they will be more likely to extend the time in which to assume or reject for discrete periods. To obtain additional extensions, lessees would have to return to court and again demonstrate cause justifying the extensions. This approach gives bankruptcy courts greater control over bankrupt lessees' actions and allows the courts to more closely monitor lessees' activities to ensure that they resolve the status of their leases in a diligent manner.

The interpretation of section 365(d)(4) adopted in *Victoria Station* and *Tigr Restaurant,* as well as in the district court's decision, reflects an appropriate balance between the interests of lessors and bankrupt lessees and will be most likely to result in expeditious decisions of whether to assume or reject leases. Thus, a bankruptcy court may grant multiple extensions of the time in which a lessee must assume or reject its leases of nonresidential real property so long as a motion to extend is brought prior to the expiration of the period as previously extended[2] and there is "cause" for granting the extension.

2. Courts have disagreed over whether section 365(d)(4) permits a bankruptcy court to rule on a timely filed motion to assume a lease after the time to assume or reject has expired. *Compare In re Southwest Aircraft Servs.,* 831 F.2d 848, 853 (9th Cir.1987) (court may rule on motion to assume lease brought within sixty-day period after period has expired), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988) *and In re Garrett Road Supermarket, Inc.,* 89 B.R. 514, 516–19 (Bankr.E.D.Pa.1988) (same), *aff'd,* 95 B.R. 902 (E.D.Pa.1989) *with In re House of Deals of Broward, Inc.,* 67 B.R. 23, 24 (Bankr.E. D.N.Y.1986) (court may not rule on a timely filed motion after sixty-day period has expired). We are not faced with this issue on this appeal,

### B.

■ Chapman contends that its lease with American should have been deemed rejected as of February 15, 1988, the expiration date of the second extension, because American did not file its motion for a third extension until February 16. Both the bankruptcy court and the district court rejected this argument, relying on Bankruptcy Rule 9006(a), which provides in part:

> In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday.... As used in this rule ..., "legal holiday" includes ... Washington's Birthday....

Bankr.R. 9006(a). The district court noted that "[c]ourts frequently set the expiration of time periods by either setting a specific date or a fixed number of days after which the action will be untimely." *Chapman Inv. Assocs.*, 94 B.R. at 423. The court determined that Rule 9006(a) should apply in either case so that a party would "not be made to suffer because a Court set a return date on a holiday." *Id.* Chapman

and we thus express no opinion as to whether the motion must be filed *and* ruled upon prior to the expiration of the sixty-day period or the time to assume or reject as extended.

3. American has directed our attention to the decision in *In re Day*, 102 B.R. 414 (E.D.Pa. 1989). In that case, the bankruptcy court sent out a notice of a meeting of creditors scheduled for September 30, 1987. A complaint to determine the dischargeability of a debt must be filed not later than sixty days following the creditors' meeting. Bankr.R. 4007(c). The bankruptcy court's notice thus indicated that all such complaints had to be filed no later than November 29, 1987, which turned out to be a Sunday. The debtor filed his complaint on November 30. The district court affirmed the bankruptcy court's holding that under Rule 9006(a) the complaint was timely. The district court rejected the contention that the setting of a date certain rendered the rule inapplicable, holding that there is no "significant difference between a bankruptcy court's notice to file within sixty days and notice to file by a date certain, sixty days later." *Id.* at 416.

argues that this holding was erroneous because the rule refers to computing periods of time and no computation is required when a court sets a date certain for performance.

Our research reveals no case in which this precise issue has been addressed by a federal court.[3] A number of courts have considered Rule 6(a) of the Federal Rules of Civil Procedure, which contains language similar to that in Rule 9006(a),[4] in a variety of circumstances. These courts have uniformly concluded that Rule 6(a) should be "liberally and realistically construed to accomplish that which the rule recognizes: the general suspension of work and labor upon Sunday and other days set aside for observance of a public purpose." *Prudential Oil & Minerals Co. v. Hamlin*, 261 F.2d 626, 627 (10th Cir.1958); *see Union Nat. Bank v. Lamb*, 337 U.S. 38, 40–41, 69 S.Ct. 911, 912–13, 93 L.Ed. 1190 (1949); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D.Tenn.1975); *Wirtz v. Local Union 611, Int'l Hod Carriers' Bldg. & Common Laborers' Union*, 229 F.Supp. 230, 231 (D.Conn.1964). Rule 9006(a) also should be given a liberal construction.

The clear purpose of the rule is to avoid a forfeiture of rights when a deadline for acting falls on a day on which courts are

The district court's reasoning is sound. Indeed, it is arguable that any other decision in that case would have been improper because the debtor would have less than the sixty days allotted by Rule 4007(c) in which to file his complaint. The holding, however, is not directly applicable to a case such as this, in which the date certain does not correspond to a period of days specified in a statute or a bankruptcy rule.

4. Rule 6(a) provides in part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday.... As used in this rule ..., "legal holiday" includes ... Washington's Birthday....

Fed.R.Civ.P. 6(a).

closed for business. This purpose is met by applying the rule to extend a deadline when the original deadline is a date certain that happens to fall on a legal holiday. There is no legally significant reason for treating such a situation differently from a situation in which a deadline for acting is the sixtieth day following some event and the sixtieth day turns out to be a legal holiday. To conclude that Rule 9006(a) applies in the latter situation but not in the former would truly be assigning significance to a distinction without a difference. The district court properly determined that Rule 9006(a) extended American's deadline for acting to February 16.

### C.

It is undisputed that Chapman was not provided notice of and an opportunity to contest any of American's three motions to extend the time in which to assume or reject its leases. Chapman contends that the Bankruptcy Code requires notice and a hearing and that the failure to afford these procedures rendered the extensions invalid as to Chapman.[5] The district court rejected these arguments, concluding that Bankruptcy Rule 9006(b)(1) authorized the granting of the extensions without notice and hearing.[6] *Chapman Inv. Assocs.*, 94 B.R. at 423.

■ Chapman argues that the district court erred in relying on Rule 9006(b)(1) because that provision does not explicitly authorize a court to extend the period of time to act established by a statute. We need not consider the applicability of Rule 9006(b)(1). Our cases establish that when a statute gives a court discretion to extend the time in which a party is required to act,

the court has authority to grant such an extension without affording other parties notice and a hearing. *See Texas & N.O.R. Co. v. Phillips*, 196 F.2d 692, 694 (5th Cir. 1952); *Dulaney v. Coppard*, 145 F.2d 468, 468 (5th Cir.1944), *cert. denied*, 325 U.S. 861, 65 S.Ct. 1199, 89 L.Ed. 1982 (1945); *see also In re Semel*, 427 F.2d 651, 653–54 (3d Cir.1970) (citing cases). The Ninth Circuit has recently followed this analysis in a decision rejecting the same argument Chapman makes. That court concluded that "an order extending the time for a debtor to assume or reject a lease merely preserves the status quo, and ... is entered in the routine administration of the court." *Victoria Station*, 875 F.2d at 1386. These holdings control this case unless the Bankruptcy Code or rules specifically requires notice and a hearing under these circumstances.

Bankruptcy Rule 6006(a) provides that a "proceeding to assume, reject, or assign an ... unexpired lease ... is governed by Rule 9014." Bankr.R. 6006(a). Bankruptcy Rule 9014 provides in part that "[i]n a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Bankr.R. 9014. Chapman argues that "all proceedings under Section 365(d)(4) [including motions to extend the time in which to assume or reject] are proceedings to assume, reject or assign an unexpired lease under Rule 6006(a), so that they are subject to Rule 9014 and require notice and a hearing."

Chapman's contention is unpersuasive. Rule 6006(a) is clearly intended to provide

---

**5.** Chapman also contends that its due process rights were violated because: (1) it did not receive notice of American's motion to assume the lease with Chapman when the motion was filed; and (2) the motion to assume did not state with particularity the grounds therefore as required by Bankruptcy Rule 9013. These arguments were not presented to the district court and we will not consider them on this appeal. In addition, we note that Chapman did eventually obtain a copy of the motion to assume and was given an opportunity to challenge that motion in a hearing before the bankruptcy court.

**6.** Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Bankr.R. 9006(b)(1).

lessors with notice and a hearing when a lessee has actually filed a motion to assume or reject. We would indeed be stretching the language of the rule to hold that it also encompasses a lessee's motion to extend the time in which to decide whether to assume or reject. The district court properly concluded that neither section 365(d)(4) nor Rules 6006(a) and 9014 require notice and a hearing before a bankruptcy court grants an extension of time in which a lessee may assume or reject its leases.

AFFIRMED.