*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0436p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ROBERT L. VIOLETTE, an individual, et al.,
                                *Plaintiffs-Appellees,*

v.                                                                        No. 04-4225

P.A. DAYS, INC.; RICART PROPERTIES, INC.,
                                *Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 01-01254—Algenon L. Marbley, District Judge.

Submitted:  September 13, 2005

Decided and Filed:  November 3, 2005

Before:  BOGGS, Chief Judge; and NORRIS and COOK, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Sarah D. Morrison, CHESTER, WILLCOX & SAXBE, Columbus, Ohio, for Appellants.  Geoffrey J. Moul, MURRAY, MURPHY, MOUL & BASIL, Columbus, Ohio, James Patrick Connors, LAW OFFICES OF JAMES P. CONNORS, Columbus, Ohio, for Appellees.

_____

**OPINION**

_____

BOGGS, Chief Judge.  This case presents the court with a narrow legal question regarding the proper application of Rule 6(a) of the Federal Rules of Civil Procedure.  Appellants are defendants in a consumer class action lawsuit in which the parties reached a preliminary settlement in December 2003.  Appellants challenge the district court's order granting plaintiffs' motion to include in the list of those who excluded themselves from the class settlement two class members whose opt-out forms were postmarked on February 17, 2004, the first business day after the court-ordered deadline of Saturday, February 14.  The district court concluded that Rule 6(a) mandates that forms postmarked on the first business day following the court's Saturday deadline were timely filed.  On appeal, appellants contend that Rule 6(a) applies only to situations where parties must compute deadlines based on the passage of a fixed number of days and, therefore, the Rule does not apply to situations where the court has established a specific calendar day as a deadline.  We agree, and reverse the district court.

1

## I

In December 2003, the parties to a consumer class action lawsuit reached a global, class-wide settlement of litigation. On December 12, 2003, the district court preliminarily approved the settlements and, pursuant to the Federal Rules of Civil Procedure, ordered that "[a]ny class member who wishes to opt out of the class shall mail by U.S. or overnight mail, postmarked no later than February 14, 2004, an opt-out form" that the defendants would mail to every known class member by December 31, 2003. *See* Fed. R. Civ. P. 23(c)(2)(B). Accordingly, the parties mailed notices to more than 130,000 class members and published advertisements in seven newspapers. The mailed notices clearly stated that the exclusion form must be postmarked by February 14. February 14, 2004 happened to fall on a Saturday, and the following Monday was Presidents' Day, a federal holiday. While more than six hundred class members returned their forms within the specified time, the forms from two individuals were postmarked on February 17, the first business day following the court's Saturday deadline.

The district court gave final approval to the settlements on March 16, 2004. The court amended those orders on July 30, 2004 because it had inadvertently omitted the list of persons who had opted out of the class settlement in a timely fashion. By that time, controversy had arisen over the two exclusion forms postmarked on February 17, so the court set the matter for oral argument on August 20, 2004. Neither party cited any case law in the briefs they submitted in advance of this hearing. On September 2, the district court, relying entirely on a ruling from a sister circuit and citing no law from this circuit, granted plaintiffs' motion. Specifically, the district court ruled that the two forms had been filed in a timely fashion under Rule 6(a) because there is "no legally significant reason for distinguishing between a case in which the court set a deadline certain and a case in which the court set the same deadline based on a number of days following a given event." Because the district court based its conclusions on its resolution of the legal question regarding the applicability of Rule 6(a), the only issue on appeal is whether Rule 6(a) applies to deadlines set by a court on a particular, fixed, calendar date.

## II

This court reviews questions of law *de novo*. *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). The Federal Rules of Civil Procedure, promulgated by the Supreme Court under the Rules Enabling Act, 28 U.S.C. § 2072, derive from a valid delegation of legislative authority. *Sibbach v. Wilson & Co.*, 312 U.S. 1, 9-10 (1941) (rules promulgated within Congress's delegated authority repeal prior inconsistent procedural statutes). This court has noted that the fundamental tenor of the notice-pleading regime of the Federal Rules is "one of liberality rather than technicality." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000)). Nevertheless, courts must begin their interpretation of the Federal Rules, as with other laws, "with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985); *Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002) (employing standard statutory canons to interpret Federal Rules of Appellate Procedure).

To avoid a law's plain meaning in the absence of ambiguity "would trench upon the legislative powers vested in Congress by Art. I, § 1, of the Constitution." *Dep't of Housing and Urban Dev. v. Rucker*, 535 U.S. 125, 134-35 (2002) (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)). "Going behind the plain language of a statute in search of a possibly contrary congressional intent is a step to be taken cautiously even under the best of circumstances." *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 75 (1982) (quoting *Piper v. Chris-Craft Indus., Inc.*, 430 U.S. 1, 26 (1977)) (internal quotation marks omitted). The judiciary is not "licensed to attempt to soften the clear import of Congress' chosen words whenever a court believes those words lead to

a harsh result." *United States v. Locke*, 471 U.S. 84, 95 (1985) (interpreting Bureau of Land Management filing deadlines).

Rule 6(a) states, in relevant part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Civ. P. 6(a). By its plain language, the rule applies to the relatively common situation in which litigants are required to file papers within a given number of days following a particular event or order. For instance, Rule 50(b) states that "[t]he movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment." Fed. R. Civ. P. 50(b). Because litigants are often required to file papers within a given period of time, it was rational and necessary to define a standard procedure for computing periods of time in the federal rules. The language of Rule 6(a) does not address situations where litigants are required to file papers on a particular, stated, calendar date.

More than a decade ago, the Sixth Circuit addressed the question of date-certain deadlines. In *Fleischauer v. Feltner*, 3 F.3d 148 (6th Cir. 1993), plaintiffs' counsel asked for and received from the district court an extension of time to file a supplemental fees application. *Id.* at 150. However, because plaintiffs' counsel failed to file their supplemental application within the time allotted, the court held a conference on December 19, 1991, in which the court advised all parties that it would render a decision on the fees application "based upon the document of record as of February 1, 1992." *Ibid.* February 1 was a Saturday. The plaintiffs did not file their supplemental fee application until Monday, February 3. The district court refused to review this application, noting that plaintiffs had failed to file within the permitted extension, that plaintiffs had failed to suggest they intended to file a supplemental request, that they did not request an extension of time, and that they did not offer any justification for the untimeliness of their filing. Plaintiffs appealed, arguing that the February 3 filing was timely under Rule 6(a).

On appeal, the Sixth Circuit affirmed the district court's ruling, holding that

[c]omputation under Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days. Judge Rubin's order did not require the plaintiffs to file something within ten days, for example, but rather required the plaintiffs to file all documents the court was to consider by February 1.

*Id.* at 151. The court therefore ruled that "[w]e construe this to mean that February 1 was a final deadline. Because February 1 fell on a Saturday does not invalidate the judge's order, nor did it extend the time by reason of local court or federal rules to February 3." *Ibid.*

Appellees urge this court to distinguish *Fleischauer*. The appellees note that the parties in *Fleischauer* had been "skilled" attorneys who had "flagrantly" disregarded the deadline, whereas in the instant case the parties at fault were laymen, one of them acted *pro se*, and neither had acted flagrantly. Moreover, appellees argue that the liberal tenor of the Rules favors the district court's application of the law in this instance. To bolster this claim, appellees rely on *In re Am. Healthcare Mgmt.*, 900 F.2d 827 (5th Cir. 1990). In that case, the Fifth Circuit interpreted Rule 9006(a) of the

Federal Rules of Bankruptcy Procedure, a timing rule that is substantially identical to Civil Rule 6(a), and found that

> [t]he clear purpose of the rule is to avoid a forfeiture of rights when a deadline for acting falls on a day on which the courts are closed for business. This purpose is met by applying the rule to extend a deadline when the original deadline is a date certain that happens to fall on a legal holiday. There is no legally significant reason for treating such a situation differently from a situation in which a deadline for acting is the sixtieth day following some event and the sixtieth day turns out to be a legal holiday.

*Id.* at 831-32.

However, *Fleischauer* cannot be so readily distinguished as appellees suggest, for that court did not expressly base its ruling on the precise equities of the case before them. Instead, the court held that "[c]omputation under Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days." *Fleischauer*, 3 F.3d at 151. Once the court had also found that February 1 was a final deadline, it concluded that the district court was not bound by Rule 6(a) to review materials that were submitted after the deadline. Because the *Fleischauer* court did not rely on the peculiar equities of that case, reaching instead a general conclusion of law, that ruling cannot be distinguished from the instant situation.

Even were this court to distinguish *Fleischauer*, it does not follow that the interpretation in *American Healthcare Management* is correct or persuasive. In the first place, Rule 6(a)'s plain language limits it to situations where periods of time must be computed. Stepping beyond the rule's language only for the sake of argument, it is clear that it was necessary as a matter of policy to put into place computational rules to ensure that the calculation of periods of time would be done in a standard and predictable fashion. In addition, the policy of liberality cited by appellees is not general in application but particular to pleading standards and, as such, does not apply to filing deadlines. Assuming *arguendo* that the policy of liberality has general application to the Civil Rules, separation of powers concerns militate in favor of applying the law's plain language. Furthermore, the Supreme Court has noted in an analogous context that filing deadlines are inherently arbitrary but, despite the potential harshness of their application, they must be enforced in the absence of equitable remedies. *United States v. Locke*, 471 U.S. at 94-95.

*American Healthcare Management* interprets an entirely different set of rules and, though the language of the two rules is similar, a court cannot be required to interpret them identically. It is also unclear that *American Healthcare Management* correctly interprets the law, for the plain language of Bankruptcy Rule 9006(a) does not support that ruling.[1] Furthermore, requiring that date-certain deadlines be extended under the computational algorithm of Civil Rule 6(a) would inhibit the discretion of judges and parties to establish deadlines for performance of trial-related activities; there is no indication that those who adopted the Rule considered or desired such a policy. This court cannot appropriate legislative power to render such an deviation from the unambiguous language of the law.

Alternatively, appellees ask this court to overrule *Fleischauer* because, in their view, that judgment conflicts with the spirit of the Federal Rules of Civil Procedure. But "it is a well-established principle that a panel of this Court cannot overrule the decision of another panel." *Castro v. United States*, 310 F.3d at 903 (citations omitted). "The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification

---

[1] At least one bankruptcy appellate panel has cited *Fleischauer* rather than *American Healthcare Management* while interpreting the Bankruptcy Rules. *In re Ceresota Mill Ltd. P'ship*, 211 B.R. 315, 317 n.4 (B.A.P. 8th Cir. 1997).

of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Services*, 774 F.2d 685, 689 (6th Cir. 1985). Therefore this court cannot consider appellees' request.

The district court incorrectly applied the law of this circuit. That court did not reach any factual issues raised by appellees at the August 20, 2004 hearing, and by implication the court also did not address the possible availability of equitable remedies. Therefore those issues are not before this panel and are not ripe for review.

Accordingly, we **REVERSE** the district court's ruling on the applicability of Rule 6(a) to date-certain deadlines and **REMAND** for further proceedings consistent with this opinion.