**IN RE: Wayne Robert GRAY, Debtor.**

**X/Open Company Limited, Plaintiff,**

**v.**

**Wayne Robert Gray, Defendant.**

Case No. 8:12–bk–14560–MGW
Adv. No. 8:13–ap–00276–MGW

United States Bankruptcy
Court, M.D. Florida
TAMPA DIVISION

June 10, 2013

Ronald R. Bidwell, Law Office of Ronald R. Bidwell, PA 1205, W. Fletcher Ave., Suite B, Tampa, FL 33612, 813-908-7700, 813-962-6156 (fax), rbidwell1@tampabay. rr.com, representing Wayne Robert Gray, 4461 Whistlewood Circle, Lakeland, FL 33811 (Debtor).

Chapter 7

### ORDER AND MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

Michael G. Williamson, United States Bankruptcy Judge

The Court extended the deadline for filing dischargeability actions in this case to March 31, 2013. Because March 31 was a Sunday, X/Open Company filed its dis-

chargeability action the following day—a Monday. Wayne Gray has moved to dismiss the complaint as untimely. The issue before the Court is whether the March 31 deadline is extended to the following day under Rule 9006(a) since the deadline for filing the complaint fell on a Sunday.

The Court concludes that the dischargeability deadline was not extended under Rule 9006(a). Rule 9006(a) does provide that when the time period for taking an act falls on a Saturday, Sunday, or legal holiday the time period continues until the next business day that is not a holiday. But that rule only applies when the original time period must be computed—not when a fixed date to act is set. Since the deadline in this case was fixed in a Court order (and did not need to be computed), Rule 9006(a) does not apply. Accordingly, X/Open's complaint is untimely.

## Background

X/Open apparently holds the rights to the "UNIX" trademark.[1] X/Open alleges that Gray knew about its right to that trademark as early as 2004 but nevertheless filed an 11–count complaint in federal district court challenging its ownership interest.[2] The district court ultimately entered summary judgment in favor of X/Open on Gray's claims and awarded X/Open its attorney's fees and costs.[3] X/Open says Gray filed for bankruptcy to avoid paying X/Open its fees and costs incurred defending its right to the UNIX trademark.[4]

X/Open now claims that those fees and costs are nondischargeable under Bankruptcy Code section 523(a)(6).[5] The deadline for X/Open to file an action having its claim determined to be nondischargeable was December 31, 2012 (90 days after the date first set for the meeting of creditors).[6] X/Open, however, was not prepared to file a nondischargeability action by that date because it said it first needed to examine Gray under Rule 2004.[7] So X/Open moved to extend the deadline for filing a dischargeability action.[8]

The Court granted X/Open's motion without a hearing and extended the dischargeability deadline to March 1, 2013.[9] The parties then filed an agreed motion to extend the dischargeability deadline for another 30 days.[10] The Court granted the parties' agreed motion for a second extension of the dischargeability deadline.[11] The order granting that agreed motion specifically provides March 31, 2013 as the deadline for filing a dischargeability action:

> The deadline for [the Plaintiff] to file a complaint objecting to the discharge of the Debtor's debt owed to [the Plaintiff] under 11 U.S.C. § 523(a)(6) is hereby extended to March 31, 2013.[12]

As it turns out, March 31, 2013 is a Sunday. It is unclear whether the parties knew that when they agreed to that date in their motion. In any event, X/Open filed its dischargeability on April 1, 2013—

---

1. Adv. Doc. No. 1.

2. *Id.* at 1–2.

3. *Id.* at 2.

4. *Id.*

5. *Id.*

6. Doc. No. 26 at ¶ 3.

7. *Id.* at ¶¶ 4–5.

8. Doc. No. 26 at ¶ 5.

9. Doc. No. 28.

10. Doc. No. 57.

11. Doc. No. 58.

12. *Id.* at ¶ 2.

a Monday.[13] Gray moved to dismiss X/Open's complaint because it was filed one day after the March 31 deadline.[14] X/Open says the deadline is extended to April 1 (the next business day that is not a legal holiday) under Rule 9006(a).

### Conclusions of Law

▮ Rule 9006(a) does, as X/Open argues, provide that when the period for taking some action falls on a Saturday, Sunday, or legal holiday, then the period is extended to the end of the next business day that is not a legal holiday. By its express terms, however, Rule 9006 only applies where the time period must be computed. It does not appear from the plain language of the rule that it applies where, like in this case, a fixed date to act is set. In fact, courts have routinely held that Rule 9006(a) does not apply where a fixed date to act is set (as opposed to a date that must be computed based on the passage of a certain number of days or hours).[15]

Most relevant to this case is Judge Kimball's decision in *In re Biggs*. In that case, the court considered whether a (fifth) motion to extend the dischargeability deadline was timely where the deadline (which was a fixed date specified in a previous court order) fell on a Saturday and the creditor filed the motion on the following Monday.[16] Judge Kimball, after careful consideration of the plain language of Rule 9006(a), held that "Rule 9006(a) explicitly limits the extension of deadlines that fall on non-busi-

ness days to those in which the deadline is determined by a period stated in days or hours." [17] X/Open, however, says *Biggs* is distinguishable because it involved multiple (five) extensions of the dischargeability deadline and instead cites two cases for the proposition that Rule 9006(a) does apply: *In Harper* [18] and *In re Weber*.[19]

But neither of those cases is helpful. For starters, the court in *Harper* merely states–incorrectly as it turns out–in the statement of facts that the deadline for filing a complaint objecting to a discharge was extended to November 19, 2012 under Rule 9006(a) because November 18, 2012 (the actual deadline) was a Sunday.[20] Although *Harper* involved a fixed deadline, neither party appears to have raised the applicability of Rule 9006(a) to fixed deadlines, and there certainly was no discussion of that issue by the *Harper* court.

And *Weber* involved a completely different issue. The issue in *Weber* was whether Rule 9006(a) applies to the time period for filing dischargeability actions set forth in Rule 4007(c).[21] That deadline is one calculated by the passage of a certain number of days (i.e., 60 days from the date first for the meeting of creditors). So the issue in *Weber* really was whether Rule 9006(a) applies to extend a deadline that must be computed if that deadline is in the nature of a statute of limitation.

Regardless of whether *Harper* and *Weber* are distinguishable, X/Open cannot

---

13. Adv. Doc. No. 1.

14. Adv. Doc. Nos. 6 & 7.

15. *See, e.g., In re Biggs*, 2012 WL 2974885, at *3 (Bankr.S.D.Fla. Jul. 20, 2012); *Dillworth v. Vieweg (In re Vieweg)*, 2011 WL 5593184, at *2 (Bankr.S.D.Fla. Oct. 26, 2011); *Miller v. City of Ithaca*, 2012 WL 1589249, at *3–4 (N.D.N.Y. May 4, 2012).

16. *In re Biggs*, 2012 WL 2974885, at *2.

17. *Id.* at *3.

18. *United Community Bank v. Harper (In re Harper)*, 489 B.R. 251 (Bankr.N.D.Ga.2013).

19. *Chase Bank, U.S.A. v. Weber (In re Weber)*, 444 B.R. 516 (Bankr.E.D.Pa.2010).

20. *Harper*, 489 B.R. at 253.

21. *Weber*, 444 B.R. at 518-20.

overcome the fact that Federal Rule of Civil Procedure Rule 6(a) was, as Judge Kimball explained in *Biggs,* specifically amended to avoid the result that X/Open advocates.[22] Before 2009, the Fifth Circuit, in *In re American Healthcare Management,* held a deadline—whether it was a fixed date or calculated based on the passage of time—was extended under Rule 9006(a) if it fell on a Saturday, Sunday, or legal holiday.[23] The court in that pre–2009 case reasoned that there is "no legally significant reason" for treating the situation differently depending on whether the deadline is a fixed date or must be computed.[24]

In 2009, the drafters of the Federal Rules specifically amended Rule 6(a) to reject the outcome in *American Healthcare Management* –the one advocated by X/Open here:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken by *Violette v. P.A. Days, Inc.,* 427 F.3d 1015, 1016 (6th Cir.2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.,* 900 F.2d 827, 832 (5th Cir.1990) (holding that Bankruptcy Rule 9006(a) governs treatment of a date-certain deadline set by court order). If for example, the date for filing is "no later than November 1, 2007," subdivision (a)

does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.[25] The Court cannot now apply Rule 9006(a) in a way that the drafters specifically sought to avoid.

 Nor can the Court employ some equitable principle to extend the deadline. As this Court recognized in *In re Moseley,* the deadline for filing a dischargeability action is not subject to equitable tolling.[26] And the Court has no discretion to extend the dischargeability deadline once it has already passed.[27] Accordingly, X/Open's dischargeability complaint is untimely.

### Conclusion

By its express terms, Rule 9006 applies only where a time period must be computed–not when a fixed time to act is set. Since the order extending the dischargeability deadline set a fixed time to act (i.e., March 31, 2013), X/Open's complaint is untimely. Accordingly, it is

**ORDERED** that the Gray's Motion to Dismiss should be GRANTED. X/Open's complaint is hereby dismissed with prejudice.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on June 10, 2013.

---

**22.** Rule 9006(a) specifically mirrors Federal Rule of Civil Procedure 6(a).

**23.** *In re Am. Healthcare Mgmt., Inc.,* 900 F.2d 827 (5th Cir.1990).

**24.** *Id.* at 831.

**25.** Fed.R.Civ.P. 6 advisory committee's note.

**26.** *In re Moseley,* 470 B.R. 223, 226–27 (Bankr.M.D.Fla.2012).

**27.** *Id.*