**In the Matter of COASTAL INDUSTRIES, INC., f/k/a Coind, Inc., Debtor.**

**Bankruptcy No. 85–05436.**

United States Bankruptcy Court, D. New Jersey.

Feb. 6, 1986.

Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein, P.A. by Richard D. Trenk, Newark, N.J., for Creditors Committee.

Lehman & Wasserman by Steven Z. Jurista, Millburn, N.J., for debtor.

Weil, Gotshal & Manges by Alan J. Lipkin, New York City, for Gotham Indus. Park.

DeVITO, Bankruptcy Judge.

The unsecured creditors committee moves to extend the time for the debtor to assume or reject a leasehold relating to property known as 190 Jony Drive, Carlstadt, New Jersey. For the reasons set forth below, the Court denies the motion and deems the lease at issue to be rejected subsequent to December 17, 1985.

The debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code on October 16, 1985. The debtor leases premises located at 190 Jony Drive from Gotham Industrial Park, Inc. ("Gotham"). On December 2, 1985, the debtor filed the motion to extend the time within which the debtor had to assume or reject the lease aforementioned. 11 U.S.C. § 365[d][4] compels a debtor to assume or reject a lease of nonresidential real property within sixty days of the entry of the order for relief. The hearing thereon was fixed for December 17, 1985. *In re Coastal Industries, Inc.,* No. 85–05436 (Bankr.D.N.J. Dec. 5, 1985) (motion to extend time to assume or reject lease).

It can be surmised that, at some point after the fixing of the hearing date, counsel foresaw a problem, specifically that the sixty day period provided by § 365[d][4] would expire on December 16, 1985, one day *before* the scheduled hearing. Thereupon the unsecured creditors committee ("the committee"), with the consent of the debtor, appeared *ex parte* before this Court on December 16th. The committee requested and was granted a one-day extension of the sixty-day period, bringing the time to assume or reject in coincidence with the December 17th hearing. *In re Coastal Industries, Inc.,* No. 85–05436 (Bankr.D. N.J. Dec. 16, 1985) (motion to extend time to assume or reject lease for one day).

The above hearing was held as scheduled. Gotham opposed the motion. At the conclusion of the hearing, the Court reserved decision. Lastly, pursuant to a request by the committee, the Court signed and entered an order extending the time to assume or reject until a decision was rendered. *In re Coastal Industries, Inc.,* No.

85–05436 (Bankr.D.N.J. Dec. 17, 1985) (order to extend time). Finding the instant matter to be a core proceeding as contemplated by 28 U.S.C. § 157[b][2][M] (orders approving the use or lease of property), the Court notes probable jurisdiction and shall decide the matter.

The Court has previously alluded to § 365[d][4] of the Bankruptcy Code. Without question, this entire matter turns upon the meaning of that specific statute, which reads:

[4] Notwithstanding paragraphs [1] and [2], in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365[d][4]. Critical to the Court's analysis herein is the language relating to extensions of time. Plainly stated, additional time shall be given "as the court, for cause, *within such 60-day period,* fixes ..." *Id.* (Emphasis added.) The mandate of § 365[d][4] is unequivocal in that it demands either assumption, rejection, or a fixing of additional time within that sixty-day time frame. The Court notes that the wording of the statute has not escaped criticism. The leading commentary decries the "excessive rigidity" of § 365[d][4], speculating that it might have resulted from "a drafting oversight". 2 *Collier on Bankruptcy* ¶ 365.03 (15th ed. 1985). The treatise adds the difficulty it has with the likelihood that "no further extension may be available outside of the 60-day period, ..." *Id.* Notwithstanding the foregoing, the Court is bound to deal with § 365[d][4] as it now reads.

It appearing that this is a matter of first impression in this jurisdiction, the Court looks elsewhere for further guidance. A similar case was presented in *In re Southwest Aircraft Services,* 53 B.R. 805, 13

B.C.D. 814 (Bankr.C.D.Cal.1985). There, Bankruptcy Judge Russell faced a debtor who had filed its motion to extend the time to assume or reject within the sixty days, but was not heard until after that period had long expired. That court concluded that the lease was rejected on the sixty-first day by operation of § 365[d][4]. *Id.* 53 B.R. at 807, 13 B.C.D. at 814. Any "extension [of time] must be obtained *within* the original 60 day period," said the court. *Id.* 53 B.R. at 808, 13 B.C.D. at 815 (emphasis in the original). Moreover, Bankruptcy Judge Russell refused a request to exercise his broad powers under 11 U.S.C. § 105 as a basis for granting an extension of time. To grant "such an extension would defeat rather than carry out" § 365[d][4]'s objectives. *Id.* 53 B.R. at 809, 13 B.C.D. at 816. In its concluding comments, the court opined:

> Although the automatic rejection of 365[d][4] is a harsh rule, it is clearly what Congress intended. The language of the statute is unequivocal. Additionally, the legislative history indicates that the purpose of 365[d][4] is to force the trustee or debtor in possession to make a quick decision, thereby eliminating the problem of extended vacancies. Statement of Sen. Hatch, 98th Cong.2d Sess., 1984 U.S.Code Cong. & Admin.News 598–99. To disregard the clear language and legislative history of section 365[d][4] and allow a decision beyond the 60 day period would nullify the principal objective of Congress, and would be beyond the court's equity powers. *In re By-Rite Distributing, Inc.,* 47 B.R. 660, 671 [12 BCD 1082] (D.Utah 1985).
>
> "It is difficult to overemphasize the significance that Section 365[d][4] will have in this and other reorganization cases. It is a time bomb that begins ticking relentlessly and irresistibly upon entry of the order for relief." *Id.* at 670. In order to remain in possession of the leased premises, the trustee or debtor in possession must either assume the lease or show cause why an extension is needed within the 60 days. Failure to do one or the other within the 60 day time peri-od results in rejection of the lease and termination of the leasehold interest.

*Id.* 53 B.R. at 810, 13 B.C.D. at 816. *Accord In re Capellen,* 39 B.R. 40, 41 (Bankr. S.D.Fla.1984) (Britton, B.J.). ("The obvious statutory purpose is to preclude this court from retroactively extending the time for assumption" subsequent to the expiration of the sixty day period.)

We now reach the dispositive portion of this opinion. In rendering its decision, the Court looks first to the statute itself, § 365[d][4]. This Court is mindful of the general principle of statutory construction, to wit, where a statute is plain and unambiguous, it is to be applied, not interpreted. A statute is open to judicial construction only where interpretation is required or an ambiguity is present. 73 Am.Jur.2d *Statutes* § 194 (1974) (citations omitted). The Court would truly be gazing with a jaundiced eye were it to perceive some ambiguity within § 365[d][4]. Its language in fixing the time within which the debtor must act is unequivocal. The Court is aware of the harsh result the provision will work in certain instances, as rightly pointed out by the learned commentary, but any attempt to invoke change by judicial legislation here and now would be highly improper.

As in *Southwest Aircraft,* the Court agrees to conform to what was clearly legislated by the Congress. The Court concurs in Bankruptcy Judge Russell's holding that any action must take place within the sixty day period specified by statute. Likewise, an exercise of the wide breadth of powers granted in 11 U.S.C. § 105 would be contrary to the clear goal of the statute and, as such, no undertaking pursuant to § 105 shall be made.

Applying the foregoing conclusions of law to the instant situation, the Court addresses two matters. First, we cannot overlook the fact that the debtor, by way of the committee, did indeed act within the sixty days. The one day extension granted on December 16th was properly made and given within the statutory period. While the decision today proves the requested-for

time to be insufficient, it is nevertheless true that some relief was granted.

More importantly, even if no action whatsoever had been taken, the result would be the same. It is simply impermissible for this Court to entertain a request to extend time once the sixtieth day has elapsed. The Court acknowledges that entering the order extending the critical time period one day beyond the statutory limitation is impermissible. Section 365[d][4] demands that this Court hear, decide and grant any extension within the *original* sixty days following the entry of the order for relief.

In conclusion, having considered all of the above, this Court finds that the period in which the debtor had to assume or reject the lease at issue expired subsequent to December 17, 1985. By operation of 11 U.S.C. § 365[d][4], the lease is thereby deemed rejected by the debtor. Further, the order entered on December 17, 1985, extending the time to assume or reject until the Court renders its decision, is hereby vacated as it conflicts with this opinion.

Counsel for Gotham is hereby directed to submit the appropriate order.