**In re HOUSE OF DEALS OF BROWARD, INC., Debtor.**

Bankruptcy No. 186–61044–352.

United States Bankruptcy Court, E.D. New York.

Aug. 7, 1986.

Rosenberg, Rosenberg & Koral, Brooklyn, N.Y., for debtor.

Robert J. Musso, Brooklyn, N.Y., Trustee.

### DECISION

MARVIN A. HOLLAND, Bankruptcy Judge:

In this case, the court is called upon to determine whether 11 U.S.C. § 365(d)(4) authorizes a Bankruptcy Court to extend the time for a debtor in possession to assume or reject an unexpired lease of nonresidential real property when the motion to extend is filed within 60 days from the commencement of the case, but is heard beyond the 60–day period.

---

4. *Collier,* 15th Ed., ¶ 523.13[a].

The court holds that under § 365(d)(4) the lease was deemed rejected by operation of law 61 days after the case was filed and therefore this court is not authorized to extend the time to assume or reject such lease.

## FACTS

The applicant filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 19, 1986 and has remained in possession of its business and property pursuant to §§ 1107 and 1108 of the Code. The debtor is a tenant pursuant to a sublease by and between First Len Properties, Inc., as sublessor, and the debtor, as tenant, to premises located at 3951 West Broward, Plantation, Florida.

On July 17, 1986 the debtor moved by order to show cause for an order extending its time to elect to assume or reject its lease pursuant to 11 U.S.C. § 365(d)(4). On July 18, 1986 the court ordered that a hearing to consider the merits of the motion be held on August 6, 1986.

## DISCUSSION

■ 11 U.S.C. § 365(d)(4), which was added to the Code by the 1984 Bankruptcy Amendments and Federal Judgeship Act, states that:

in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

Although there are several reported decisions which have reached an opposite conclusion, See *In Re Musikahn Corp.*, 57 B.R. 938 (Bkrtcy. E.D.N.Y.1986); *In Re By-Rite Distributing, Inc.*, 55 B.R. 740 (D. Utah, N.D.1985), *In Re Unit Portions of*

*Delaware*, 53 B.R. 83 (Bkrtcy.E.D.N.Y. 1985), the language of § 365(d)(4) is very clear in requiring that the trustee (or debtor in possession acting pursuant to 11 U.S.C. § 1107(a)) assume or reject an unexpired lease within 60 days from the time a petition is filed.

■ The Bankruptcy Courts in *In Re Las Margaritas, Inc.*, 54 B.R. 98 (Bkrtcy. D.Nev.1985); *In Re Southwest Aircraft Services, Inc.*, 53 B.R. 805 (Bkrtcy.C.D.Cal. 1985); *In Re House of Emeralds, Inc.*, 57 B.R. 31 (Bkrtcy.D.Hawaii 1985) all hold that the clear language of § 365(d)(4) leads to the logical conclusion that a court can only grant an extension of time beyond the original 60 days if a *hearing is held and the motion granted within these 60 days.*

There are two important aspects of § 365(d)(4). First, the trustee (or the debtor in possession pursuant to 11 U.S.C. § 1107) must accept or reject the lease within 60 days. Second, if the trustee or the debtor in possession wants more time in which to decide whether to accept or reject, the extension must be obtained *within* the original 60 day period. If the trustee or debtor in possession does not follow one of these two courses of action, then the lease is deemed rejected.

*In Re Southwest Aircraft Services, Inc.*, 53 B.R. at 808. [Emphasis in original]

The following excerpt from the legislative history emanating from the 1984 Amendments describes why Congress believed the addition of § 365(d)(4) was necessary.

The first problem which this bill would remedy is the long-term vacancy or partial operation of space by a bankrupt tenant. Although in a chapter 7 case the bankruptcy code presently requires that the trustee decide whether to assume or reject an unexpired lease within 60 days after the bankruptcy petition is filed, there is no deadline for this decision in a chapter 11 case. Because of the unprecedented number of bankruptcy cases and

the consequent delays in the bankruptcy courts, tenant space has been vacated for extended periods of time before the bankruptcy court forced the trustee to decide whether to assume or reject the lease. During this time, the other tenants of the shopping center are hurt because of the reduced customer traffic in the shopping center. Tenants and landlords in other nonresidential structures have encountered similar problems.

The bill would lessen the problems caused by extended vacancies and partial operation of tenant space by requiring that the trustee decide whether to assume or reject the nonresidential real property lease within 60 days after the order for relief in a case under any chapter. This time period could be extended by the court for cause, such as in exceptional cases involving large numbers of leases. One of the minor changes in this subtitle was to limit it to nonresidential real property leases. *If the lease is not assumed or rejected within this 60–day period, or any additional period granted by the court, the lease is deemed rejected* and the trustee must immediately surrender the property to the lessor. . . . 130 Cong. Rec. S8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch). [Emphasis added]

The term "assumption" contemplates not only the debtor in possession making a motion to assume, but also the court granting such motion. Both events must occur within the initial 60–day period unless an extension is granted within these same 60 days.

This court is cognizant of the potential hardships that could arise from a strict enforcement of this statute. However, "when the express language of a statute is clear, a court will not adopt a different construction absent clear legislative history contradicting the meaning of the words." *In Re Gusam Restaurant Corp.*, 737 F.2d 274, 276 (2d Cir.1984).

MOTION DENIED.