**In re COOK UNITED, INC., f/dba Cook–Car, Inc., Washington Distributors, Inc., Rink's, Clark's and Uncle Bill's, Debtor.**

**Bankruptcy No. B87–1371.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Feb. 26, 1988.

---

Robert D. Storey, Burke, Haber & Berick, Cleveland, Ohio, for trustee.

David R. Mayo, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for Coffee Associates.

Matthew R. Goldman, Baker & Hostetler, Cleveland, Ohio, for the Bank Group.

G. Christopher Meyer, John C. Parks, Squire, Sanders & Dempsey, Cleveland, Ohio, for Ameritrust Co. National Association.

Richard A. Baumgart, Dettelbach & Sicherman. Co., L.P.A., Cleveland, Ohio, cocounsel for debtor.

Mark Schlachet, Cleveland, Ohio, for Daniel Kamin.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the Trustee's motion on behalf of Cook United (Debtor) for an order extending the time for the Debtor to assume or reject certain executory contracts and unexpired leases of nonresidential real property. Notice of the hearing was made upon all parties entitled thereto. Pursuant to Rule 7052, Bankruptcy Rules, the following constitutes the Court's findings and conclusions:

### I.

This is a core proceeding pursuant to provisions of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O), with jurisdiction further provided under 28 U.S.C. § 1334 and General Order No. 84 of the District. Herein, the Debtor caused to be filed its voluntary petition for reorganization under Chapter 11 on April 22, 1987.[1] With stated assets and liabilities of $69,749,000.00 and $72,038,000.00, respectively, Debtor was allowed to continue business operations, pursuant to §§ 1107 and 1108 of the Code [11 U.S.C. §§ 1107 and 1108]. Debtor was engaged in the business of owning and operating discount department stores and management of its properties. During the course of the Chapter 11 proceeding the Debtor was authorized to assume or reject certain unexpired leases of nonresidential real property and executory contracts through December 1, 1987. On November 24, 1987, the case was converted for liquidation proceedings under Chapter 7, whereupon an interim trustee was appointed.

Upon conversion to Chapter 7, the Trustee had until January 25, 1988 to effect such assumptions or rejections. On January 22, 1988, the Trustee filed the present motion seeking a further extension through February 24, 1988.

### II.

Section 365 of the Bankruptcy Code addresses executory contracts and unexpired leases [11 U.S.C. § 365]. At § 365(d)(4), the following is noted:

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such addi-

---

1. The Debtor filed an earlier voluntary petition for reorganization under Chapter 11 on October 1, 1984, with that case being closed by Court order dated April 13, 1987.

tional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor. 11 U.S.C. 365(d)(4).

There is a recognized split of authority regarding the judicial interpretation of § 365(d)(4).[2] The pertinent legislative history of § 365 indicates that this section of the Bankruptcy Code was enacted, as amended, to remedy certain problems which were peculiar to shopping centers and their solvent tenants. More specifically, it was enacted to address vacant tenant space which had been vacant for extended periods of time before the Bankruptcy Courts could compel the trustee to accept or reject the unexpired nonresidential lease or executory contract. In other words, the objective of § 365(d) was to prevent parties involved in a contractual or lease relationship with the debtor from being left in doubt concerning their status vis-a-vis the estate. (H.Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 347–350, 1978 U.S. Code Cong. & Admin. News 5787, at pp. 6303–6306; 130 Cong. Rec.S. 8894, S. 8895 (June 29, 1984).

### III.

At bar, the Trustee seeks an extension until February 24, 1988, in which to accept or reject a total of fifteen contracts and leases.[3] This request constitutes a first request for an extension by the Trustee post-conversion. The assets to be liquidated are substantial. The extension sought is one month beyond the Court's initial terminal date, and the motion to extend was timely filed. The subject contracts and leases, except where otherwise deemed rejected, are executory and further constitute property of the Debtor's estate.

■ The stated purpose for the extension is to allow the Trustee ample time in which to conclude anticipated sales transactions pertaining to the Debtor's leasehold interests. If successfully effected, those unexpired leases and executory contracts would provide a substantial benefit to the Debtor's estate. The Trustee has demonstrated sufficient cause for an extension. The underlying purpose of Chapter 7 is to achieve a fair distribution to creditors of whatever property the debtor has.[4] Approval of the instant motion serves effectively to achieve that desired purpose, as successful sales transactions would provide a greater dividend to creditors.

■ Further, the language of § 365(d)(4) provides the Court with authority to grant the instant motion. The hearing on the instant motion was held on February 11, 1988. The post-conversion terminal date for the Debtor to accept or reject the subject leases and executory contracts was January 25, 1988. The Debtor's motion to extend the time for acceptance or rejection was filed on January 22, 1988. The objectants, Ameritrust Company National Association (Ameritrust) and Coffee Associates (Coffee), contend that this Court is without authority to consider the present motion since the hearing was held beyond the above-stated terminal date. The rationale offered in support of those contentions is not well-founded. The legislative history of § 365(d)(4) specifies no intent of the Congress to require that a hearing on a motion to extend under § 365(d)(4) be held prior to a terminal date where a timely motion was filed with the Court. *See, In re Southwest Airlines, supra; In re Wedtech, supra.* To allow otherwise portends to invite unreasonably harsh results and diminished creditor distributions, particularly where the estate stands to be substantially benefitted from an imminent sale of the unexpired leasehold interests. The harm which was addressed by the amended version of § 365(d)(4) is neither created nor

---

**2.** *In re Southwest Aircraft Services, Inc.,* 831 F.2d 848 (9th Cir.1987); *In re Wedtech Corp.* 72 B.R. 464 (Bankr.S.D.N.Y.1987). *But see, In re House of Deals of Broward, Inc.,* 67 B.R. 23 (Bankr.E.D.N.Y.1986).

**3.** Two of the leases were withdrawn from consideration by the Trustee during the hearing and are therefore deemed rejected.

**4.** Treister, et al. *Fundamentals of Bankruptcy Law,* pp. 16–17, ALI–ABA 1986.

exacerbated by a grant of the present motion to extend.

Accordingly, the Trustee's motion to extend the time for acceptance or rejection of the subject executory contracts and unexpired leases of nonresidential real property is hereby granted until February 24, 1988.