**In re COLUMBUS ONE PARCEL SERVICE, INC., Debtor.**

Bankruptcy Nos. 2–91–07787, 31–1332280.

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 6, 1992.

———

Thomas I. Blackburn, Christiane W. Schmenk, Columbus, Ohio, for debtor.

ORDER ON MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE OF NONRESIDENTIAL REAL PROPERTY

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion to Extend Time to Assume or Reject Lease of Nonresidential Real Property filed by Columbus One Parcel Service, Inc. ("Debtor") on November 13, 1991.

I. *Findings of Fact*

Section 365(d)(4) of the Bankruptcy Code provides in pertinent part:

> [I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee *within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes,* then such lease is deemed rejected and the trustee shall immediately surrender such nonresidential real property to the lessor.

The Debtor filed its Chapter 11 petition on October 15, 1991. The Motion to Extend was filed November 13, 1991, well within the 60-day period imposed by § 365(d)(4). However, despite the absence of any objection to its Motion, the Debtor failed to submit to the Court an order granting the Motion until January 3, 1992, some 80 days after the filing of the petition.

There is currently a split of authority among the courts regarding the correct interpretation of a request for extension of time to assume or reject leases under § 365(d)(4). Several courts have held that the order granting the extension of time must be obtained within the 60-day period required by § 365(d)(4) in order to preclude the automatic rejection of nonresidential leases. *See In re House of Deals of Broward, Inc.,* 67 B.R. 23 (Bankr.E.D.N.Y. 1986); *In re Coastal Industries, Inc.,* 58 B.R. 48 (Bankr.D.N.J.1986); *In re Taynton Freight System, Inc.,* 55 B.R. 668 (Bankr. M.D.Pa.1985). Other courts have declined to apply a literal interpretation of

§ 365(d)(4) when analyzing a motion for extension of time. These courts require only that the motion requesting the extension be filed within the 60–day period in order to comply with the time constraints imposed by § 365(d)(4). *Southwest Aircraft Services, Inc. v. City of Long Beach (In re Southwest Aircraft Services, Inc.),* 831 F.2d 848 (9th Cir.1987) cert. denied, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988); *Turgeon v. Victoria Station, Inc. (In re Victoria Station, Inc.),* 840 F.2d 682 (9th Cir.1988); *By–Rite Distributing, Inc. v. Brierley (In re By–Rite Distributing, Inc.),* 55 B.R. 740 (D. Utah 1985); *In re Perfectlite Co.,* 116 B.R. 84 (Bankr. N.D.Ohio 1990).

 However, the Court need not consider this matter of statutory interpretation, as § 365(d)(4) specifically requires a showing of "cause" before an extension of the 60–day period may be granted. In analyzing the existence of cause, courts have considered various factors including: (1) Is the lease a primary asset central to the reorganization? (2) Does the debtor need additional time to act intelligently in making the judgment to assume or reject? (3) Is the lease in question one of a number of business properties whose acceptance or rejection requires additional time for study and determination? (4) Has the debtor complied with its post petition obligations under the lease pursuant to section 365(d)(3)? (5) How will the debtor's continued possession of the premises affect the lessor? *In re Perfectlite Co.,* 116 B.R. 84, 86; *In re Wedtech Corp.,* 72 B.R. 464 (Bankr.S.D.N.Y.1987); and *In re Victoria Station, Inc.,* 840 F.2d 682.

The Motion filed by the Debtor states that the Debtor cannot determine at this time whether the subject lease will be necessary to the Debtor's continued operation under a plan of reorganization. The Debtor thus requests an eight-month extension to reject or assume the lease.

First, the Court notes that this case has been pending for over three months. The Court would anticipate that the Debtor will file a plan in the near future and that such an undertaking will not require an additional eight months to complete. Therefore, a request for an eight-month extension of time to reject or assume the subject lease would not appear to be appropriate.

Second, the Motion fails to address the factors necessary to properly demonstrate cause required under § 365(d)(4). Therefore, it is hereby

ORDERED that the Motion to Extend Time to Assume or reject Lease of Nonresidential Real Property filed by Columbus One Parcel Service, Inc. is denied.

IT IS SO ORDERED.