**In re SOUTHERN TECHNICAL COLLEGE, INC.**

**Bankruptcy No. 92–41095 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 24, 1992.

Charles R. Camp, Little Rock, AR, for Debtor.

Robert Honea, Fort Smith, AR, for Theveot–Welborn Properties.

Mark Bissinger, Cincinnati, OH, for Creditors Committee.

James Dowden, Little Rock, AR, for Unsecured Creditors Committee.

## ORDER GRANTING MOTIONS FOR EXTENSIONS OF TIME

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's "Motion for Fourth Extension of Time to Assume or Reject Thevenot–Welborn Properties Nonresidential Real Property Lease," filed on September 30, 1992, and the debtor's "Motion for Fifth Extension of Time to Assume or Reject Thevenot–Welborn Properties Nonresidential Real Property Lease," filed on October 30, 1992. The lessor, Thevenot–Welborn Properties objected to the motions and hearing was held on November 5, 1992.

On September 15, 1992, this Court signed the "Order Granting Third Extension of Time to Assume or Reject Thevenot–Welborn Properties Nonresidential Real Property Lease," submitted by the parties. This Order, settling a dispute regarding extensions of time, stated in pertinent part:

In the event Debtor fails to assume or reject the lease by *September 30, 1992* or fails to make payment of all post-petition rental payments no later than the 15th day of each month *and the time to assume or reject said lease has not been further extended*, then such lease shall be deemed rejected. * * *

(Emphasis added.) The time fixed for the debtor to assume or reject the Thevenot–Welborn lease was September 30, 1992. On September 30, 1992, the debtor filed the its motion for a fourth extension of time, and on October 30, 1992, filed a motion for a fifth extension of time to act regarding the Thevenot–Welborn lease.

The parties dispute the meaning of the language in the Order they prepared and submitted for Court signature. Thevenot–Welborn Properties asserts that since an Order was not issued and entered prior to the time the act was to be done, that it is entitled to an Order relaxing the stay pursuant to the Order of September 15, 1992. The debtor asserts that since it moved for an extension prior to the expiration of the time to act, Thevenot–Welborn properties is not entitled to relief under the Order. In addition, debtor submitted testimonial evidence regarding the reason for the numerous motions for extensions filed with respect to this particular lease.

In interpreting the parties' agreed Order, and, in making a decision regarding whether to grant an extension, the Court looks to section 365(d) and the cases interpreting that section. Paragraph (4) of section 365(d) provides in pertinent part:

[I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

■ The first issue for the Court is whether this paragraph requires that an order be entered prior to the time the period lapses or whether the filing of a motion for extension of time within the time period reserves jurisdiction for the Court to grant such an extension. Only a handful of cases address this issue, with little uniformity among them. The Court finds that the reasoning set forth in *Southwest Aircraft Services, Inc. v. City of Long Beach*, 831 F.2d 848, 849–53 (9th Cir.1987), is the most persuasive. *Southwest Aircraft* held that "if cause for an extension arises within the 60–day period and a motion for an extension is made within that period, a bankruptcy court may, even after the 60–day period

has expired, consider the debtor's motion and, if it finds there was sufficient cause at the time the motion was filed, grant the requested extension." *Id.* at 853.[1] *Accord In re Garrett Road Supermarket, Inc.,* 95 B.R. 902 (E.D.Pa.1989). The basis for the decision rested upon the ambiguity of the statute, the legislative history, concerns of due process, and the arbitrary and fortuitous results obtained if a party timely files a motion but the Court fails to rule prior to the time the 60–day period expires. This Court also rules that if a party timely files a motion for an extension under section 365(d), the Court may consider that motion even after the expiration of the 60–day period.

██ The issue before the Court thus becomes whether cause exists for the extensions. The uncontroverted evidence submitted by the debtor indicates that cause exists for the extensions. Whether or not the branch of Southern Technical College located in Fayetteville, Arkansas will operate depends upon a decision by the Department of Education. Until such time as Southern Technical College is advised of a decision by the Department of Education, it is imprudent to assume or reject the lease for the property at which the Fayetteville, Arkansas branch is housed. The delay in the decision to assume or reject the unexpired lease is due solely to the slowness in the decision-making process of the Department of Education. The uncontroverted evidence further demonstrated that the debtor is not merely waiting for a decision: it actively and aggressively sought a settlement with the Department. Finally, the uncontroverted evidence demonstrated that the debtor has made all lease payments. Accordingly, the debtor has demonstrated cause for the extensions of time.

The final issue for the Court is the effect of the Order submitted by the parties and entered by the Court on September 15, 1992. The Order drafted by the parties provides for extensions, but leaves open the question of whether an Order must be entered prior to the time the period expires. The Court assumes that the parties are cognizant not only of the statute but the case law when they negotiate, draft, sign, and submit documents, including agreed Orders. The law on the particular issue is not settled. Having failed to address the issue in the agreed Order, the parties, in effect, left the issue for the Court to decide. This Court follows those decisions holding that a timely motion for extension filed pursuant to section 365(d)(4) preserves the Court's ability to consider the motion for extension.

Further, to the extent the parties dispute their intent regarding the language and import of the agreed Order, the only evidence regarding the agreement was the testimony supplied by the debtor. The uncontroverted evidence was that the debtor understood that the filing of a motion for extension would not jeopardize the lease. Accordingly, it is

ORDERED that the debtor's "Motion for Fourth Extension of Time to Assume or Reject Thevenot–Welborn Properties Nonresidential Real Property Lease," filed on September 30, 1992, is GRANTED. It is

FURTHER ORDERED that the debtor's "Motion for Fifth Extension of Time to Assume or Reject Thevenot–Welborn Properties Nonresidential Real Property Lease," filed on October 30, 1992, is GRANTED.

IT IS SO ORDERED.

---

1. Of course, it is always prudent for counsel to request an extension as soon as it is known that one will be needed.