**In re TRAVEL 2000, INC., Debtor.**

**No. SG 01–01069.**

United States Bankruptcy Court,
W.D. Michigan.

May 23, 2001.

Harold E. Nelson, Borre Peterson Fowler & Reens, PC, Grand Rapids, MI, for debtor.

Ian I. Allen, Kupelian Ormond & Magy, PC, Southfield, MI, Eddirland Duncan Christel, Palmer & Dodge, LLP, Boston, MA, Andrew S. Conway, Miro Weiner & Kramer, PC, Bloomfield Hills, MI, Nancy E. Everett, The Rouse Company, Columbia, MD, Michael A. Fagone, Goulston & Storrs, PC, Boston, MA, Niclas A. Ferland, Tyler Cooper & Alcorn, New Haven, CT, Francis L. Gorman, III, Attorney at Law, Rochester, NY, Gina Baker Hantel, Nashville, TN, Terry L. Hoeksema, Doornbos and Hoeksema, Grand Rapids, MI, Jack C. Jordan, Attorneys for the City of Lansing, Lansing, MI, Jeffrey Kurtzman, Klehr Harrison Harvey, Branzburg & Ellers, LLP, Philadelphia, PA, Scott K. Levine, Platzer Swergold Karlin, Levine, Goldberg & Jaslow, LLP, New York City, Jeffrey Meyers, David L. Pollack, Ballard Spahr Andrews & Ingersoll, LLP, Philadelphia, PA, Philip G. Mitchell, Jennings Haug & Cunningham, LLP, Phoenix, AZ, Kevin M. Newman, Menter, Rudin & Trivelpiece, PC, Syracuse, NY, Douglas B. Rosner, Goulston & Storrs, PC, Boston, MA, Daniel Sheridan, Assistant General Counsel, General Growth Management, Inc., Chicago, IL, Donald A. Snide, Mary Kay Stacey, Varnum Riddering Schmidt & Howlett, Grand Rapids, MI, Ronald M. Tucker, Simon Property Group, LP, Indianapolis, IN, Dean C. Waldt, Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, Jay L. Welford, Jaffe, Raitt, Heuer & Weiss, Detroit, MI, Norman C. Witte, Norman C. Witte Law Offices, Lansing, MI, Jonathon D. Yellin, Riemer & Braunstein, LLP, Boston, MA, for creditors.

## OPINION

JO ANN C. STEVENSON, Bankruptcy Judge.

This matter has come before the Court on an Objection filed by Forbes–Cohen Properties and Newburg–Six Mile, L.P., (Landlords) to Travel 2000's (Debtor) Motion to Extend Time to Assume or Reject Unexpired Leases of Non–Residential Real Property.

This Court has jurisdiction to decide this Motion under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

Having filed Chapter 11 on February 2, 2001, the Debtor continues to operate its business as Debtor–in–Possession under

11 U.S.C. § 1107(a) and § 1108. The Debtor operated retail businesses in approximately 74 shopping malls in 12 states. It has already rejected 46 leases under 11 U.S.C. § 365 and is currently assessing whether to assume or reject the remaining 33 unexpired leases.

Pursuant to 11 U.S.C. § 365(d)(4) the deadline to assume or reject the unexpired leases was April 3, 2001 or 60 days after the petition date. However, the court is authorized to extend the time for debtors to assume or reject the unexpired leases for cause. It states in pertinent part:

> ... [I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

■ The Landlords contend that although the Debtor filed its Motion for an extension of time to assume or reject the leases on day 54 of the 60 day period, the Bankruptcy Code requires that any court order extending the 60 day period must also be entered within that 60 day period. Consequently, because the 60 day period has now passed, the leases are statutorily deemed rejected.[1] We disagree.

There has been a split of authority among the courts as to the specific action required within the 60 day period after the

order for relief. Several courts have held that the literal language of § 365(d)(4) requires an actual court order within the 60 day period. See *Debartolo Properties Management, Inc. v. Devan*, 194 B.R. 46 (D.Md.1996); *In re House of Deals of Broward, Inc.*, 67 B.R. 23 (Bankr.E.D.N.Y. 1986); *In re Coastal Industries, Inc.*, 58 B.R. 48 (Bankr.D.N.J.1986); *In re Taynton Freight System, Inc.*, 55 B.R. 668 (Bankr.M.D.Pa.1985).[2] Other courts have rejected a literal interpretation finding that Congress could not have intended that a debtor would forfeit substantial rights merely because the Bankruptcy Court's docket was so congested that the matter could not be heard within the mandatory 60 day period. See *Southwest Aircraft Services, Inc. v. City of Long Beach (In re Southwest Aircraft Services, Inc.)*, 831 F.2d 848 (9th Cir.1987) *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988); *In re Perfectlite Co.*, 116 B.R. 84 (Bankr.N.D.Ohio 1990); *In re Cook United, Inc.*, 83 B.R. 456 (Bankr.N.D.Ohio 1988).

■ In determining legislative intent, we look first to the language of the statute. *United States v. James*, 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir .2000). As evidenced by the split among the courts, 11 U.S.C. § 365(d)(4) is not plainly susceptible to only one interpretation. As stated in *Southwest*:

1. All parties met in chambers prior to the hearing and agreed to reserve arguments regarding cause until the jurisdictional issue was decided.

2. Even though the Landlords' counsel heavily relied on *Rogers v.. Laurain (In re Laurain)*, 113 F.3d 595 (6th Cir.1997), claiming that Fed.R.Bankr.P. 4003(b) mirrored the lan-

guage of 11 U.S.C. § 365(d)(4), we reject this argument. The wording of Fed.R.Bankr.P. 4003(b) was amended effective December 1, 2000, partly due to the harsh result in *Laurain*, which deprived the bankruptcy court of jurisdiction to grant a timely request for an extension if it failed to rule within the allotted time period.

It is not entirely clear whether the second term—"within such 60 day period"—modifies the term that precedes it or the term that follows it ... If we read it as modifying "fixes", then a bankruptcy court would not under the literal words of the statute have the authority to grant a timely motion to extend after the sixtieth day ... If, however, the 60–day term modifies "for cause," then while the cause must arise within 60 days (and implicitly the debtor must file its motion to show cause within that period), there is no express limit on when the Bankruptcy Court must hear and decide the motion. This more liberal reading of the statute would allow the bankruptcy courts to operate with greater freedom and flexibility.

*Id.* at 850.

Having found two interpretations of § 364(d)(4), we turn next to the legislative history.

Before 1984, Chapter 11 debtors were not required to assume or reject unexpired leases by any fixed deadline, although any party could petition the court to set a time limit. 11 U.S.C. § 365(d)(2) (1983). Congress became concerned with the consequences bankruptcy was having on mall operators and other tenants who were facing extended vacancies and increased common area charges while debtors decided whether to assume or reject their leases.

To address these concerns and lessen these problems, Congress added two provisions, 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 365(d)(4). The legislative history also discusses the requirement that the court find "cause" for the extension. There is however, no reference that the courts must make this finding within a certain time frame.

We believe Congress' failure to mention any deadline within which the court must act is fairly indicative of its intent. "It is frequently the case that if an act must be undertaken within a particular time period a request for an extension must be made before that period has expired." *Southwest*, 831 F.2d at 851. However, it is most unusual that a rule would forfeit a party's rights because the court has failed to act within a particular time frame, especially where the statute does not clearly and unequivocally state that it must do so.

In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the Supreme Court found that it was a violation of due process to terminate a person's property interest because of an agency's failure to hear and decide a timely filed claim within a specific deadline. Likewise, we see a Fourteenth Amendment violation in the Landlords' interpretation of 11 U.S.C. § 365(d)(4). Not only would the Debtor lose the right to an extension of time in which to decide whether to assume or reject a lease, but the Court's failure to consider the claim before the 60 day deadline, would effectively deprive Travel 2000 of its leasehold interests in the various properties at issue.[3]

There can be no doubt that Congress intended to give debtors a full 60 days in which to decide whether to assume or reject. Requiring the Court to both consider and rule on the assumption/rejection issue within the same 60 days effectively truncates the time statutorily allotted the debtor to decide its course of action.

**3.** While we recognize the merit of the argument that the debtors could avoid the harshness of the Landlords' interpretation of § 365(a)(4) by accompanying their motion to extend time with an additional motion to extend the time in which the court must rule, we think that solution is both unwieldy and unnecessary.

The interpretation of 11 U.S.C. § 365(d)(4) which we believe best comports with congressional intent is the one that preserves the authority of the bankruptcy court to rule on timely filed motions. As stated in our previous decision in this bankruptcy case, "the overall purpose and function of the Bankruptcy Code is to strike a balance between creditor protection and debtor relief." *In re Travel 2000, Inc.*, 264 B.R. 444 (Bankr.W.D.Mich.2001). Retaining for the bankruptcy courts the power to rule on timely filed motions achieves that end.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. For the reasons stated in the attached opinion, the Objection of Forbes–Cohen Properties and Newburg–Six Mile L.P. to the Debtor's Motion for an Extension of Time Within Which Debtor May Assume or Reject Unexpired Leases of Non–Residential Real Property is OVER-RULED.

2. A telephonic status conference shall be scheduled forthwith so as to set a time and date for hearing arguments on the "cause" issue under 11 U.S.C. § 365(d)(4).

IT IS FURTHER ORDERED that copies of this Opinion and Order shall be served by first-class United States mail, postage prepaid, upon Harold E. Nelson, Esq., Ian I. Allen, Esq. and Daniel M. Katlein, Esq.