ROTHENBERG, J.
Although we note that the defendant, Alvin Williams, has conscientiously reported for over ten years as required by section 954.0435(14)(b) of the Florida Statutes, we find that the trial court correctly concluded that Florida Rule of Criminal Procedure 3.040,[1] which extends a deadline where the deadline falls on a Saturday, Sunday, or legal holiday, is not applicable to the reporting requirements set forth in section 954.0435(14)(b), as the reporting requirement does not require a computation of time, but instead requires the defendant to “reregister each year during the month of the sexual offender’s birthday and every third month thereafter.” See Violette v. P.A. Days, Inc., 427 F.3d 1015, 1019 (6th Cir.2005) (holding that the plain language of Rule 6(a) of the Federal Rules of Civil Procedure,[2] which authorizes the extension of a deadline where the deadline expires on a Saturday, Sunday, or legal holiday, is limited “to situations where periods of time must be computed,” and therefore, class settlement opt-out forms that were postmarked on the first business day after the court-ordered Saturday deadline were not timely filed); Fleischhauer v. Feltner, 3 F.3d 148, 151 (6th Cir.1993) (“Computation under Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days,” and therefore, as the judge’s “order did not require the plaintiffs to file something within ten days, for example, but rather required the plaintiffs to file all documents the court was to consider by February 1, ... February 1 was a final deadline,” although February 1 fell on a Saturday).
Affirmed.

. Rule 3.040, titled "Computation of Time,” provides in relevant part:
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday,' or legal holiday, in which event the period shall run until the end of the next day that is neither a Saturday, Sunday, nor legal holiday....

. The language of Rule 6(a) which was applied in Violette provides:
In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.